**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.W. and J.W.**

**No. 25-8** (Harrison County CC-17-2021-JA-139 and CC-17-2021-JA-140)

## MEMORANDUM DECISION

Petitioner Father R.W.[1] appeals the Circuit Court of Harrison County's November 6, 2024, order terminating his parental rights to A.W. and J.W., arguing that the circuit court erred in terminating his rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings giving rise to this appeal began in May 2021 when the DHS filed a petition[3] alleging that the petitioner, who was incarcerated, abandoned the children and neglected them by failing to protect them from exposure to substance abuse and a drug-endangered environment while the children resided with their maternal grandmother. The court held a preliminary hearing in June 2021, where the petitioner waived his right to a contested hearing and the children were placed in the DHS's custody. Following an adjudicatory hearing, the circuit court entered an order in January 2022 granting the DHS's motion to amend the petitioner's status to a non-offending parent, as the petitioner had remained in regular contact with the children despite his incarceration.

In June 2024, the DHS filed an amended petition alleging that A.W. and J.W. were in placements under the custody of the DHS and that the petitioner was released from incarceration on parole at some point prior to May 2023 but was reincarcerated in November 2023. The DHS further alleged that the petitioner had not had contact with the children since March 2023 and had, therefore, abandoned the children.

---

[1] The petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Counsel Dreama D. Sinkkanen appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The proceedings below included children and adult respondents who are not at issue on appeal.

The circuit court held an adjudicatory hearing regarding the amended petition in September 2024, where the court heard the testimony of a Child Protective Services ("CPS") worker and the petitioner. Based upon this testimony, the court found that the petitioner knew that the children were placed in the DHS's custody for thirty-nine months following the June 2021 preliminary hearing but contacted the DHS on only one occasion to inquire about them. The court further found that the petitioner was released from his incarceration for eight months in 2023 but did not provide the children with financial support during this time. Further, the court concluded that the evidence showed the petitioner last contacted J.W. and A.W. in May and September 2023, respectively. Based upon these findings, the court ultimately concluded that the petitioner's conduct "demonstrated a settled purpose to forgo his rights, duties and responsibilities" to the children and constituted abandonment. Accordingly, the court adjudicated the petitioner of neglecting the children. Following this, the petitioner filed a motion for a post-adjudicatory improvement period.

The circuit court held a dispositional hearing in October 2024. The court took judicial notice of the evidence presented at the adjudicatory hearing, and the CPS caseworker testified in support of termination. The petitioner then testified in support of his motion for a post-adjudicatory improvement period.[4] Based on the evidence presented, the court found that the petitioner did not contact the DHS to inquire about or request contact with the children following his adjudication and was otherwise absent from the children's lives since they were very young. Although he was scheduled to be released from incarceration in February 2024, the court found that the petitioner's abandonment of the children and his failure to attempt to correct his conduct demonstrated that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. Further, the court found that termination of the petitioner's parental rights was necessary for the welfare of the children in light of their need for permanency and stability. Accordingly, the circuit court denied the petitioner's motion for a post-adjudicatory improvement period and terminated his parental rights to the children.[5] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating his parental rights because he claims that he could substantially correct the conditions of neglect in the near future. In support of his argument, the petitioner correctly states that "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" means that the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help," which the petitioner contends did not occur in this case. W. Va. Code § 49-4-604(d). However, a court may make such a finding in circumstances where "the abusing parent . . . ha[s] abandoned the child[ren]." *Id.* § 604(d)(4).

_____

[4] The petitioner did not include a transcript of the dispositional hearing in the appendix record.

[5] The mother's parental rights were also terminated. The permanency plan for A.W. is guardianship in the current kinship placement. The permanency plan for J.W. is adoption in the current foster placement.

2

In the context of child abuse and neglect proceedings, "'abandonment' means any conduct that demonstrates the settled purpose to forgo the duties and parental responsibilities to the child[ren]." W. Va. Code § 49-1-201. At the time of the dispositional hearing in this matter, the record shows that the petitioner had not contacted either of the children for over a year and failed to provide them with any support during his eight-month period of release from incarceration. Based upon this evidence, the circuit court properly found that the petitioner abandoned the children and, as a result, that there was no reasonable likelihood that the conditions of neglect could be substantially corrected. Therefore, we find no merit in the petitioner's argument.

We similarly find no merit to the petitioner's argument that termination was not necessary for the children's welfare. We have explained that the "paramount need[s]" for children are "permanency, security, stability, and continuity." *In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 3, in part. Further, we have stressed that "children are entitled to permanency to the greatest degree possible." *In re Isaiah A.*, 228 W. Va. 176, 182, 718 S.E.2d 775, 781 (2010). At the time of the dispositional hearing, the children had been in the custody of the DHS for a period of approximately forty months, and the court clearly cited the children's need for permanency and stability as necessitating termination of the petitioner's rights. While the petitioner argues that disposition under West Virginia Code § 49-4-604(c)(5) would have been more appropriate, we find no error in the termination of his rights because the court made the findings necessary for this disposition. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").[6]

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 6, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 25, 2025

---

[6] The petitioner also alleges that "the circuit court should have granted his motion for Post-Adjudicatory Improvement Period" as an alternative to disposition under West Virginia Code § 49-4-604(c)(5). However, the petitioner fails to provide any relevant documents in the appendix record or cite to any relevant authority in support of this argument. Rule 10(c)(7) of the Rules of Appellate Procedure requires that a brief "contain an argument clearly exhibiting the points of fact and law presented, . . . citing the authorities relied on," and including "appropriate and specific citations to the record, including citations that pinpoint when and how the issues . . . were presented to the lower tribunal." As a result, we decline to address this argument.

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison